# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LARRY-PAUL GOODYKE,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA ASSOCIATION SERVICES, INC., DAVID STONE, President; ROSIE SILVA, Employee, Title unknown; JENNIFER FLOWERS, Employee, Title Unknown, Et. Al; IDEAL COMMUNITY MANAGEMENT, INC.; JOSEPH J. ROCCOFORTE, Director; RAYNIE WHITE, President; et al.,<br><br>Defendants. | Case No.: 2:07-CV-765-BES-RJJ<br><br>**ORDER** |

Presently, before the Court is Defendants' Motion to Dismiss (Doc #15) filed on January 2, 2008. On January 3, 2008 the Court entered a Minute Order (Doc #16) alerting Plaintiff that a dispositive motion had been filed in the case and instructed Plaintiff to respond within fifteen (15) days from the date of the Minute Order. Plaintiff did not file a response. Defendants filed a Notice of Non-Opposition to Motion to Dismiss (Doc #18) on January, 30, 2008. The Court then entered a second Minute Order (Doc #19) granting Plaintiff an additional ten (10) days to file and serve a written response to Defendants' Motion to Dismiss. On February 25, 2008 Defendants filed a Second Notice of Non-Opposition to Motion to Dismiss (Doc #20). Plaintiff has not filed a response.

///

///

Acting *pro se*, Plaintiff filed his Complaint (Doc #1) and an Application and Affidavit in Support of Temporary Restraining Order ("TRO") and Preliminary Injunction (Doc #2) on June 11, 2007. On June 14, 2007 the Court scheduled a hearing on the TRO and ordered Plaintiff to file proof of service of the TRO on the Defendants within twenty-four hours of receipt of the Order (#11). On June 25, 2007 the parties appeared before the Court at a hearing on Plaintiff's application for a TRO and preliminary Injunction. At the hearing, Defendants' counsel advised the Court that Plaintiff had not properly served Defendants with the Complaint (Doc #1) in accordance with Fed. R. Civ. P. 4. Plaintiff then made a verbal motion to withdraw his application for a TRO and Preliminary Injunction based upon his failure to serve and the Court granted Plaintiff's motion. The Defendants then motioned the Court for a Release of Lien (Doc #14) to be filed and made a part of the record, which the Court granted. Plaintiff has had no other activity in this case since the time of the hearing on June 25, 2007.

"Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (internal citations and quotations omitted). All five factors point in favor of dismissal. Plaintiff has failed to show good cause why this action should not be dismissed without prejudice for failure to file proof of proper service with this Court pursuant to FRCP 4(m).

The Court has fully considered Defendants' motion and applicable law and Defendant has demonstrated this action should be dismissed pursuant to FRCP 4(m). Moreover, Plaintiff did not file an opposition or other paper in response to the Motion to Dismiss (Doc #15). Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Pursuant to Local Rule 7-2(d), and because the Court believes the relevant factors weigh in favor of dismissing Plaintiff's case, the Court finds accordingly:

///

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc #15) is GRANTED and that this action is DISMISSED without prejudice. The Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 17th day of March, 2008.

_____
BRIAN SANDOVAL
United States District Judge

-3-